**NOT FOR PUBLICATION**

**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**ZACHARY GALICKI, et al.,**

**Plaintiffs,**

**v.**

**STATE OF NEW JERSEY, et al.**

**Defendants.**

**Civil Action No. 14-169 (JLL) (JAD)**

**GW CAR SERVICE, LLC, et al.,**

**Plaintiffs,**

**v.**

**STATE OF NEW JERSEY, et al.,**

**Defendants.**

**Civil Action No. 14-1319 (WHW) (CLW)**

**OPINION ON PLAINTIFFS' MOTION TO CONSOLIDATE AND FOR LEAVE TO FILE A CONSOLIDATED, AMENDED COMPLAINT**

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Plaintiffs Zachary Galicki, Joy Galicki, Eli Galicki, Robert Arnold, Kim Josecelyn, Elizabeth Psaltos, Madeline Lobue, Hong Lee, Mark Katz, Liberty News, Inc., Dog On It Doggie Daycare, Applie Corrugated Box Ltd. And Seacaucus Limo Car Service, LLP.'s (collectively, the "Galicki Plaintiffs") motion to consolidate Galicki v State of New Jersey, Civil Action No. 14-169 (the "Galicki Matter"), with GW Car Service, LLC v. State of New Jersey, Civil Action No. 14-1319 (the "GW Car Service Matter"). (ECF No. 3[illegible]). The Galicki Plaintiffs also seek leave to file a consolidated, amended pleading following consolidation. (Id.). The Hon. Jose L. Linares, U.S.D.J., referred the Galicki Plaintiffs' motion to this Court for resolution. In accordance with Rule 78 of the Federal Rules of Civil Procedure, the Court did not hear oral argument in connection with this motion. Upon careful consideration of

the parties' submissions, the Galicki Plaintiffs' motion is **GRANTED IN PART AND DENIED IN PART**. Specifically, the Galicki Matter and the GW Car Service Matter shall be consolidated under Civil Action No. 14-169. The Galicki Plaintiffs' request for leave to file a consolidated, amended pleadings is denied, without prejudice, and may be refiled after the District Court renders a decision on the pending cross-motions for appointment of interim lead counsel.

## I. <u>BACKGROUND</u>

### a. <u>The Galicki Matter</u>

The Galicki Plaintiffs commenced Civil Action No. 14-169 (JLL) by filing a Complaint in this District on January 9, 2014. (Compl., ECF No. 1).[1] In that pleading, Plaintiffs Zachary Galicki, Joy Galicki, Eli Galicki, Robert Arnold, Kim Josecelyn and Elizabeth Psaltos (not all of the current Galicki Plaintiffs were named in the original complaint), alleged that Defendants State of New Jersey, Governor Christopher Christie, Bridget Anne Kelly, the Port Authority of New York & New Jersey, Bill Baroni, and David Wildstein had collectively engaged in a politically motivated scheme to close lanes leading to dedicated toll booths for the George Washington Bridge in September 2013, and that Defendants intended those closures to "cause extreme and/or heavy traffic delays heading into the Borough of Fort Lee, New Jersey and surrounding areas in Northern New Jersey Area [sic] to New York City as well as to cause the residents and businesses in Fort Lee, New Jersey hardship." (<u>Id.</u> at 2).[2] The plaintiffs further alleged that Defendants' actions delayed their commutes (and that certain of the plaintiffs were hourly employees who lost wages as a result), (<u>id.</u> at 5), and asserted multiple causes of action based on those facts. (<u>Id.</u> at 6-10).

---

[1] Unless otherwise noted, all "ECF" citations refer to the docket in Civil Action No. 14-169.

[2] The Court refers to the Galicki Plaintiffs' original Complaint by page number as those plaintiffs did not utilize continuous paragraph numbering (i.e., each new section starts anew at paragraph one).

The plaintiffs also sought to bring their claims on a class basis, and proposed the following class definition:

> [T]hose individuals and business owners who reside, work or own businesses in Northern New Jersey and who were caused to sustain injury, either physical or psychological and/or who were caused to sustain economic damages and loss of liberty as a result of the conduct of the Defendant's [sic] herein.

(Compl., ECF No. 1, at 6).

The plaintiffs in the Galicki Matter subsequently filed a series of amended pleadings, making incremental changes with each amendment. On January 14, 2014, they filed their Amended Class Action Complaint, in which they named Madeline Lobue, Hong Lee, Mark Katz and Liberty News, Inc. as additional class representatives, (Am. Compl., ECF No. 3), and added new causes of action alleging that Defendants violated 42 U.S.C. §§ 1985 and 1986 and caused the plaintiffs to suffer "severe emotional distress." (Id. at 12-14). On January 16, 2014, they filed a Second Amended Class Action Complaint, naming Dog On It Doggie Daycare as an additional class representative but making no other substantive changes. (Sec Am. Compl., ECF No. 4). Just four days later, on January 20, 2014, the plaintiffs filed a Third Amended Class Action Complaint, (3rd Am. Compl., ECF No. 5), in which they named Apple Corrugated Box, Ltd. as a class representative, added Bill Stepien as a defendant, provided additional details regarding their claims under 42 U.S.C. §§ 1985 and 1986, added new claims for false imprisonment, public nuisance and prima facie tort, and eliminated their standalone cause of action for "severe emotional distress". (Id. at 13-18). Finally, on March 18, 2014, the Galicki Plaintiffs filed a Fourth Amended Class Action Complaint. (ECF No. 37). In that pleading, the Galicki Plaintiffs added Secaucus Limo

Car Service, LLP as a class representative and asserted new causes of action for intentional infliction of emotional distress and breach of contract. (Id. at 19-21).[3]

In the midst of this series of amendments, before the parties had conducted discovery and, indeed, before most defendants had entered appearances, the Galicki Plaintiffs filed a motion to certify their proposed class. (ECF No 7). The Hon. Mark Falk, U.S.M.J. later administratively terminated the Galicki Plaintiffs' motion for class certification, without prejudice to their ability to refile it at a "later, more appropriate, time." (April 9, 2014 Order, ECF No. 49, at 2). On March 24, 2014, the Galicki Plaintiffs filed the instant motion to consolidate the Galicki Matter with the GW Car Service Matter and for leave to file a consolidated, amended pleading encompassing the claims in both matters. (ECF No. 39).

**b. The GW Car Service Matter**

Plaintiffs GW Car Service, LLC, Lime Taxi, LLC, Palisades Enterprises, LLC, Fort Lee Car Service, LLC, Vans R Us, Bergen Transportation Services, Inc., Robert Cohen, Joan Cohen and Victor Cataldo commenced the GW Car Service Action by filing a complaint in the New Jersey Suprerior Court, Civil Part, Bergen Vicinage on January 13, 2014. (See ECF No. 1-1 in Civil Action No. 14-1319). Those plaintiffs alleged that, from September 9, 2013 to September 13, 2013, the State of New Jersey, Chris Christie for Governor, Inc., David Wildstein, Bill Baroni, Bridget Anne Kelley, Michael Drewniak and Bill Stepien "conspired, orchestrated, planned, and

[3] The Court notes that, while the Galicki Plaintiffs properly filed their Amended Class Action Complaint in accordance with Federal Rule of Civil Procedure 15, they appear to have violated that Rule in filing each of their three subsequent amendments. Rule 15 permits a party to amend its pleading "once as a matter of course" and states that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a) (emphasis added). The Court did not grant the Galicki Plaintiffs leave to amend, nor did the Galicki Plaintiffs provide any indicia that Defendants provided their written consent to any amendment.

instituted an improper closure of lanes of travel, toll plazas, and toll booths originating from the Borough of Fort Lee, New Jersey with the sole intent of inflicting hardship, emotional trauma, traffic, congestion, and other damage to residents of the Borough of Fort Lee, New Jersey and its Mayor." (Id. ¶ 27). The plaintiffs in the GW Car Service Matter contend that the defendants' conduct "caus[ed] plaintiffs and members of the class (both residents of the Borough of Fort Lee and others) to be stuck in extreme traffic delays, to be late for work, to lose jobs and/or compensation, to be falsely imprisoned in their cars, to be falsely restrained, and to sustain economic, physical and emotional injuries." (Id. ¶ 28).

Based on these factual allegations, the GW Car Service plaintiffs asserted causes of action for violation of their rights under the United States Constitution (and alleging that the defendants conspired to violate those rights), (id. ¶¶ 58-63), the defendants' failure to prevent the deprivation of constitutional rights, (id. ¶¶ 69-73), certain defendants' vicarious liability for the actions of employees (against Christie for Governor and the State of New Jersey), (id. ¶¶ 74-79, 102-10[illegible]), the violation of N.J.S.A. 2C:41-1(the New Jersey RICO statute), (id. ¶¶ 83-88), the violation of the plaintiffs' rights under the New Jersey Constitution and, in turn the New Jersey Civil Rights Act, (id. ¶¶ 89-95), and conspiracy. (Id. ¶¶ 64-68, 96-101).[4]

The GW Car Service plaintiffs defined their potential class as:

> All persons who are residents of New Jersey and/or residents of other states of the United States who were forced to suffer extreme traffic delays and to be stuck in their cars, waste gas, and lose time from September 9, 2013 through September 13, 2013 when they traveled in or around the Borough of Fort Lee, New Jersey and neighboring towns and/or when they attempted to cross the George Washington Bridge.

[4] On March 20, 2014, the plaintiffs in the GW Car Service Matter filed a First Amended Complaint, (ECF No. 11 in Civil Action No. 14-1319), in which they named the Port Authority of New York/New Jersey as an additional defendant and asserted a new cause of action under N.J.S.A. 56:8-1, et seq. (the New Jersey Consumer Fraud Act). (Id. at ¶¶ 103-113).

(Id. ¶ 49). They also identified two distinct subclasses: (1) "class members who drove their cars in New Jersey, were stuck in extreme traffic delays in New Jersey, and paid a toll for the George Washington Bridge from September 9, 2013 through September 13, 2013", (id. ¶ 50); and (2) "class members who were traveling and/or driving solely in New Jersey from September 9, 2013 through September 13, 2013 and were stuck in extreme traffic and delays in New Jersey." (Id. ¶ 51).

On February 28, 2014, the State of New Jersey and Michael Drewniak removed the GW Car Service Matter to the United States District Court, contending that, in light of the plaintiffs' several federal claims, the District Court had original subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1331 and other federal statutes. (Notice of Removal, ECF No. 1 in Civil Action No. 14-1319, ¶¶ 3-4). On March 11, 2014, the plaintiffs' counsel in the GW Car Service Matter filed a motion seeking their appointment as interim class counsel in that case. (ECF No. 7 in Civil Action No. 14-1319). On March 24, 2014, the Galicki Plaintiffs filed a cross-motion requesting that they be permitted to intervene in the GW Car Service Matter and that their attorneys, the Law Offices of Rosemarie Arnold, be appointed as interim class counsel in for the plaintiffs in both the GW Car Service Matter and the Galicki Matter. (See ECF No. 16-13 in Civil Action No. 14-1319, at 4). Those motions are currently pending.

## II. LEGAL STANDARDS AND ANANYSIS

### a. The Propriety of Consolidating the Galicki and GW Car Service Matters

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).[5]

Rule 42(a) gives the district court "broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice." Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp., 149 F.R.D. 65, 80-82 (D.N.J. 1993) (emphasis in original) (citing Waste Distillation Tech., Inc. v. Pan Am. Res., Inc., 775 F. Supp. 759, 761 (D. Del. 1991) (citation omitted)); see also In re Mock, 398 F. App'x 716, 718 (3d Cir. 2010). The purpose of consolidation is "to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." In re TMI Litig., 193 F.3d 613, 724 (3d Cir. 1999) amended, 199 F.3d 158 (3d Cir. 2000).

The mere existence of common issues, however, does not require consolidation. Liberty Lincoln Mercury, Inc., 149 F.R.D. at 81 (citing Waste Distillation, 775 F. Supp. at 761). The savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that might result from the simultaneous disposition of the separate actions. Id. (citations omitted).

Here, all parties that have opined on the issue agree that the Galicki Matter and the GW Car Service Matter should be consolidated. (See April 7, 2014 Letter from Defendant William Baroni, ECF No. 44, at 1 ("We do, however, believe that the class actions should ultimately be consolidated and that plaintiffs should file a consolidated amended complaint."); April 10, 2014 Letter from Defendants State of New Jersey, Governor Chris Christie and Michael Drewniak, ECF

[5] Local Civil Rule 42.1 provides, in pertinent part, that "[a] motion to consolidate two or more civil cases pending upon the docket of the Court shall be filed in the case bearing the earliest docket number." As the Galicki Matter was filed before the GW Car Service Matter, the Galicki Plaintiffs' motion to consolidate is therefore properly before this Court.

No. 53, at 2-3 ("These two cases readily meet the standard of Fed. R. Civ. P. 42 . . .L. Civ. R. 42.1 allows for consolidation of cases into the earliest filed action, here, Galicki.")). Indeed, while the plaintiffs in the GW Car Service matter oppose the Galicki Plaintiffs' request for leave to file a consolidated, amended pleading, (Opp. Br., ECF No. 45, at 10-11), they do not object to consolidation, and observe that the two cases "involve some common questions of law and fact, and [that] consolidation would promote judicial economy and the efficiency of pretrial proceedings." (Id. at 1). This Court agrees that consolidation is appropriate. Both matters are based on the same underlying events, feature several of the same defendants and involve some significant overlap in the causes of action at issue. The cases therefore share several "common issues of law or fact", and consolidation would "streamline and economize pretrial proceedings so as to avoid duplication of effort, and [would] prevent conflicting outcomes in cases involving similar legal and factual issues." In re TMI Litig., 193 F.3d at 724. Finally, given that both actions are still in their relative infancy and have nearly identical procedural postures, consolidation would not cause any undue "inconvenience, delay or expense." Liberty Lincoln Mercury, Inc., 149 F.R.D. at 81. The Court finds that the GW Car Service Matter and the Galicki Matter should be consolidated, with the older case, the Galicki Matter, serving as the lead case.

**b. The Galicki Plaintiffs' Request for Leave to File a Consolidated, Amended Pleading**

In addition to moving for consolidation, the Galicki Plaintiffs also seek leave to file a consolidated, amended pleading that would encompass the claims of all plaintiffs in both cases.[6] The plaintiffs in the GW Car Service Matter oppose that application, arguing that it would be inappropriate to allow the Galicki Plaintiffs' counsel to file a consolidated complaint because, among other reasons, those attorneys do not represent them (the Court has not yet appointed interim lead counsel in these matters) and because the Galicki Plaintiffs' own pleadings contain both procedural and substantive shortcomings (inferring that the Galicki Plaintiffs' current counsel may include similar, alleged deficiencies in any consolidated pleading. (Opp. Br., ECF No. 45, at 2-4).

While this Court believes that the interests of justice and judicial efficiency require that the plaintiffs in these newly consolidated matters eventually file a single, consolidated pleading, the Galicki Plaintiffs' request is premature at this juncture. After the District Court appoints interim lead counsel in these matters, those attorneys should then take appropriate steps to file a consolidated, amended complaint. The Galicki Plaintiffs' motion for leave to file a consolidated, amended pleading is therefore denied without prejudice.

[6] As an initial matter, the Court notes that, though the Galicki Plaintiffs seek leave to file an amended complaint, they have not submitted a proposed pleading for the Court's review as required by Local Civil Rule 7.1(f). That deficiency is, in itself, sufficient grounds to deny their motion. See, e.g, Moran v. DaVita, Inc., No. 06-5620 (JAP), 2009 U.S. Dist. LEXIS 22951, *21 (D.N.J. Mar. 23, 2009) (observing that a movant's failure to provide the court with a copy of its proposed, amended pleading "is sufficient to deny leave to amend.") (citing Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000)).

## III. CONCLUSION

Based on the foregoing, the Galicki Plaintiffs' motion, (ECF No. 39), is **GRANTED IN PART AND DENIED IN PART**. The Galicki Matter and the GW Car Service Matter shall be consolidated, with the older action, Civil Action No. 14-169, serving as the lead case. The Galicki Plaintiffs' request for leave to file a consolidated, amended pleading is denied, without prejudice to any plaintiff's right to seek such relief after the Court has appointed interim lead counsel in these consolidated matters.

JOSEPH A. DICKSON, U.S.M.J.

cc. Honorable Jose L. Linares, U.S.D.J.